IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       )
                                )
    v.                          ) Criminal No. 10-51
                                )
CRAIG MASTENDRI,                )
        Defendant.              )

MEMORANDUM AND ORDER

Defendant has filed a motion to suppress certain evidence seized pursuant to a search warrant [Doc. No. 40]. Defendant has standing to bring this motion. The principal issues presented by the motion are whether the information relied on in the affidavit was sufficient to support a finding of probable cause that a search of his residence would yield evidence of criminal activity. Specifically, defendant argues that the information in the affidavit relied on an unreliable source, that it was not sufficiently connected to defendant himself, and that it was stale. Because we find the information relied on was sufficient, we deny the motion.

I. FINDINGS OF FACT

1. On February 25, 2010, members of the Drug Enforcement Administration executed a search warrant for a residential

building located at 84 McKinnie Avenue, McKees Rocks, Pennsylvania.

2. On February 24, 2010, Special Agent Melissa Cobb of the United States Drug Enforcement Administration presented an application for the search warrant to Magistrate Judge Lisa Pupo Lenihan. Attached to the application was an affidavit of probable cause sworn to by Agent Cobb.

3. Some of the information relied on in Agent Cobb's affidavit was also contained in affidavits supporting applications for warrants authorizing wiretaps, which relied on information collected between January and October 2009.

4. The government also relied on information from a confidential informant, described in the affidavit as CS-3. CS-3 agreed to cooperate with law enforcement after his or her arrest for possession with intent to distribute cocaine. CS-3 told law enforcement agents that he or she had witnessed defendant pressing, storing, and "re-rocking" cocaine at his residence on behalf of an alleged associate named Franco Badini.

5. The government also relied on conversations intercepted pursuant to validly obtained wiretaps to establish the presence of cocaine and cocaine presses at defendant's residence. Specifically, the government relied on a conversation in which Badini and an associate discussed

defendant in code, asking if "they put the clothes in Craig's house yet?"

6. In another conversation validly intercepted by the government, agents overheard the same two associates, again in code, accusing defendant of stealing small amounts of the cocaine he stored at his house on behalf of Badini.

7. In a third validly intercepted conversation, agents overheard Badini and another associate setting up what they believed to be a drug exchange. During this conversation, Badini asked "You going to Craig's first?" and his associate responded "You need one?"

8. The Magistrate Judge reviewed the affidavit and application, found probable cause to search the building, and issued a warrant that authorized the search and seizure of items consistent with drug trafficking.

9. The search resulted in the seizure of certain items that the government purportedly intends to introduce at the trial in this matter as evidence of defendant's guilt, including 96.8 grams of cocaine.

II. <u>STATEMENT OF REASONS FOR THE DECISION</u>

In a motion to suppress evidence seized pursuant to an alleged violation of the Fourth Amendment, the allocation of the burden of proof depends upon whether or not a warrant was

issued. "In federal courts, if the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality; if the government acted without a warrant, the government bears the burden of establishing legality." United States v. Dunbar, No. 06-386, 2007 WL 1451437 at *2 (W.D. Pa. May 15, 2007). See United States v. Johnson, 63 F.3d 242 (3d Cir. 1995).

A reviewing district court will not conduct a de novo review of a magistrate's probable cause determination. United States v. Stearn, 597 F.3d 540, 554 (3d Cir. 2010) (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)). The duty of a reviewing court is simply to insure that the issuing authority had a substantial basis for concluding that probable cause existed. Id. The task of the magistrate is simply to determine whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. This standard does not mean that the district court should simply rubber stamp a magistrate's conclusions, but that the role of the reviewing court is quite limited. Id.

"The supporting affidavit must be read in its entirety and in a common sense and nontechnical manner." United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000) (quoting United States v. Conley, 4 F.3d 1200, 1204 (3d Cir. 1993)). Moreover,

statements in an affidavit must not be read in isolation. Id. The affidavit must be read as a whole. Id.

Read in this manner, the court concludes that the affidavit contained sufficient facts to support the magistrate's finding of probable cause to believe that the evidence of wrongdoing would be found at the premises.

Defendant argues that the magistrate judge should not have relied on information provided by CS-3. He questions the reliability of CS-3, including his or her motives for working with law enforcement officers. He also argues that he was never afforded the opportunity to cross-examine CS-3. Although he does not explicitly say so, defendant is challenging the truthfulness of the statements in the warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978). However, to do so defendant must present an offer of proof contradicting the affidavit. United States v. Yusuf, 461 F.3d 374, 383 n.8 (3d Cir. 2006). He has not done so.

Defendant further argues that defendant was renting the house from another party and that any cocaine or drug paraphernalia alleged to be at the home did not necessarily belong to the defendant. This argument is irrelevant, as the warrant sought to, and did, provide a substantial basis to believe that some amount of cocaine was kept at the residence.

5

Finally, defendant argues that because some of the information relied on dated from 2009, and had already been included in affidavits supporting an application for wiretap warrants, the information did not provide a substantial basis from which to infer that a search would yield evidence of a crime. He cites United States v. Williams, 124 F.3d 411 (3d Cir. 1997) for the proposition that stale information included in an affidavit may have limited value in showing that contraband could still be found at the premises. In Williams, information a decade old was held to be not stale given the "long and continuous operation" of the activity. Id. at 420-21.

In the instant case, the wiretaps were conducted in October and November 2009, only two to three months prior to the execution of the search warrant. The information that formed the basis of the wiretap affidavits was collected continuously beginning in January 2009, and was not stale. Further, the information established using the wiretaps contained sufficient facts to support a conclusion that the drug activity in question was continuous, and that there was probable cause to infer that the state of affairs described by the confidential source had not changed.

These facts provided probable cause to believe that there was a fair probability that evidence of wrongdoing would

be present at 84 McKinnie Avenue, McKees Rocks, Pennsylvania. Therefore, the motion is DENIED.

BY THE COURT:

_____
Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record

12/1/11